(Hamilton County Common Pleas.)

## GERMAN NATIONAL BANK v. GUNTHER et al.

*Conveyance to wife having claim against husband —As to Husband's other creditors such conveyance good to the extent of wife's claim against husband.*

To set aside transfer of property from husband to wife.

SAYLER, J.

The Coleman street property. worth probably $7,200, was conveyed from the husband to the wife, the wife not joining in the deed. It was incumbered to about $5,800, including $200 owing to the wife. No money was paid by the wife, conveyance being in consideration of the debt from the husband to the wife.

The inchoate right of dower of the wife in the property is estimated at $1,000. Can this be considered in determining whether the wife paid a fair value for the property?

It is held in 32 Ohio St. 320, that an inchoate right of dower in a whole tract of land may be a consideration for the conveyance of a part of the tract to her, in consideration that she will release dower in the balance on a sale to a third party.

The wife refused to release her dower in the part sold, unless the balance was conveyed to her. The court held she had the right to refuse, except on conditions, and the balance being conveyed to her, the court held, that the rights in the whole property was a good and valuable consideration for such conveyance.

But that is not this case. Here the property was conveyed to her in consideration of her releasing dower in other property. The husband was indebted to her, and conveyed the property to her to secure the debt. She did not release her dower right; and she still holds it. It cannot be taken by creditors. But the property—aside from the $200 secured —must be treated as though the sale to her had not been made; it may be sold to pay creditors, either subject to her dower right, or free of her dower right, and the amount of her inchoate interest paid to her out of the proceeds.

I think the evidence is sufficient to establish that the wife had a valid claim for $200 against her husabnd, and I think the deed was given to her to secure it, and that she had a lien for the amount w th interest from 1882.

The mortgages to the Citizens' Building Association, Regina Dengenhorst and Franceska Stoender are not contested.

A decree may be taken declaring the deed to be a mortgage, and ordering the sale of the property for the purpose of paying debts.

Stephens, Lincoln & Smith and Yaple, Moos & McCabe.

Scott Bonham.

---

(Hamilton County Common Pleas.)

## STATE v ARTHUR BRILL.

*Bastardy Proceedings under Sec. 5614 R. S. can only be instituted by an unmarried woman.*

Heard on motion to dismiss bastardy proceedings.

WILSON, J.

The complaint and the examination of the complainant show the following facts: On May 18, 1891, the complainant was delivered of a bastard child, of which she alleges the defendant is the father; on December 30, 1891, she was married to one Shanahan, who is still living, and from whom she has not been divorced; on February 27, 1893, she made complaint against the defendant before E. J. Tyrrell, a justice of the peace. The defendant moves to dismiss the proceedings, because the complainant, at the time she made the complaint, was not an unmarried woman.

Section 5614 of the Revised Statutes provides: "When an unmarried woman, who has been delivered of, or is, pregnant with a bastard child, makes complaint thereof," etc. By the language of the statute the delivery and the pregnancy, as well as the making of complaint. are predicated of an unmarried woman. 30 Ohio St. 628. The uniform construction of the statute has been that it limits complaints under it to unmarried women. The complaint must show on its face that it is made by an unmarried woman. Wright's Reports, 564, 8 Ohio, 317. "The statute authorizes the complaint to be made either during pregnacy or after delivery. If made during pregnancy, it is certain that the pregnancy alleged must be that of an unmarried woman, and if not made till after delivery, it is equally certain that the complainant in this case must still continue to be unmarried." 30 Ohio St. 628. As the complainant in this case was not an unmarried woman at the time she made her complaint against the defendant, the motion to dismiss will be granted.

John Coffey, for motion.

James S. Meyers, for the complainant.